**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TATIANA TAFOYA,
On Behalf of Her Minor Son,
ENZO CONTRERAS,

    Plaintiff,

v.                                                                                          No.

CITY OF CLOVIS, SGT. ANTONIO OROZCO,
CAPTAIN ROMAN ROMERO,
CHIEF OF POLICE DOUG FORD, OFFICER
JORDAN LEE RIDDLE individually, and
LOUIS T. RIDDLE, individually,

    Defendants.                                                         **JURY REQUESTED**

**COMPLAINT FOR DAMAGES**

Plaintiff, through counsel, Law Office of Frances Crockett (Frances Carpenter), brings this civil rights and personal injury complaint under the United States Constitution and the New Mexico Tort Claims Act for damages resulting from the acts and omissions of Defendants as set forth herein.

**JURISDICTION, PARTIES, AND VENUE**

1. Jurisdiction and venue are proper as all of the parties reside in New Mexico and the acts complained of occurred exclusively within Curry County, New Mexico. Jurisdiction and venue are proper pursuant to New Mexico law, 42 U.S.C. § 1983 and 1988, and 28 U.S.C. § 1343.

2. Plaintiff Tatiana Tafoya ("Plaintiff Tafoya") is an individual and the mother of Enzo Contreras ("Enzo"), and at all times material to the complaint was a resident of Curry County.

3. Defendant Officer Jordan Lee Riddle ("Officer Riddle") is an individual employed by the City of Clovis as a police officer. Defendant Riddle was married to Louis Riddle and the owner of the property located at 3000 N. Main St.; Clovis, NM 88101, where the events that gave rise to the injuries as set forth herein occurred.

1

4. Defendant Louis T. Riddle ("L. Riddle") is an individual formally employed by the City of Clovis as a police officer and at all material times was the husband of Jordan Riddle and owner of the property located at 3000 N. Main St.; Clovis, NM 88101, where the events that gave rise to the injuries as set forth herein occurred.

5. Defendant Sargent Antonio Orozco was Officer Riddle's supervisor at the time of the incident, and is responsible for, among other things, training Clovis Police Department Officers, including Officer Riddle, and is an individual employed by the City of Clovis. At all material times, he was acting in the course and scope of his employment and under color of state law.

6. Defendant Captain Romero was Officer Riddle's supervisor at the time of the incident, and is responsible for, among other things, training Clovis Police Department Officers, including Officer Riddle, and is an individual employed by the City of Clovis. At all material times, he was acting in the course and scope of his employment and under color of state law.

7. Defendant Doug Ford was the Clovis Police Department's Chief of Police at the time of the incident and was responsible for, among other things, supervising Clovis Police Department Officers, including Officer Riddle, Sargent Orozco, and Captain Romero, and is an individual employed by the City of Clovis. At all material times, he was acting in the course and scope of his employment and under color of state law.

8. Defendant City of Clovis ("COC") is a municipality operating within the County of Curry, State of New Mexico, and was at all times material hereto the employer of Defendant Officer Riddle, Sargent Orozco, captain Romero, and Chief of Police Doug Ford.

9. Plaintiffs filed a timely Tort Claim Notice placing Defendants on notice of this claim.

## FACTS COMMON TO ALL COUNTS

10. On August 8, 2021, around 1920 hours, Enzo was attacked by Police Dog K9, "PSD Castor" while Enzo was under Officer Riddle's care, at her residence that she shared with her husband T. Riddle, located at 3000 N. Main St.; Clovis, NM 88101.

11. Officer Riddle is the handler for PSD Castor.

12. In a statement to Clovis Police Department ("CPD"), Officer Riddle stated on August 8, 2021, at approximately 1830 hours she arrived home from Muleshoe Pool; she was dropped off by Miguel Contreras, Enzo's father. Enzo asked his father Miguel if he could stay and play with Defendant Riddle's child while Miguel went home to shower and run errands. Officer Riddle agreed to have Enzo in her care and Miguel left him with Officer Riddle at her home.

13. Officer Riddle reported to have consumed alcohol earlier in the day and proceeded to fall asleep on her couch after Miguel Contreras left Enzo in her care. She was woken up by her daughter yelling "no, no, no, no, Castor!" She reports running into the room and observing PSD Castor biting Enzo's arm. She used the command for him to release and PSD Castor released his grasp on Enzo and he was moved to his kennel.

14. PSD Castor dragged Enzo out from under the bed where he was playing hide-and-go-seek. He viciously attacked Enzo and bit him several times. After Officer Riddle commanded PSD Castor to release Enzo, she reported observing three puncture wounds on Enzo's right upper arm, teeth drag marks on his back, stomach, and left leg. She contacted his father Miguel to pick him up.

15. Enzo was taken to Plains Regional Medical Center where he was treated for his physical wounds. He had lacerations on his right shoulder, a puncture wound on his right upper

arm, open bites on right upper arm and left thigh. Several X-rays were performed as well as several sutures administered on his wounds.

16. Enzo has physical and mental scars from the attack by PSD Castor.

17. The mental toll of the incident was observed by his mother Plaintiff Tafoya immediately following the incident. Enzo would freeze if he saw a large dog. When he heard a dog barking, he would exhibit abreactions such as sweaty palms, a pounding heart, and feeling scared. Enzo continued to have bad dreams, flashbacks, and memories of the incident. Enzo also exhibited anxiety related to his treatment in the hospital following the incident. He had to be sedated for a dental procedure due to feelings of panic and anxiety.

18. Enzo sought therapy for his mental and emotional distress.

19. Following the incident Captain Roman Romero arrived at Officer Riddle's home to remove PSD Castor. He reported smelling alcohol on Officer Riddle's person and did not believe she was in any position to drive so Officer Brice Stacy drove her unit to the Clovis Animal Shelter where PSD Castor was placed.

20. In Officer Riddle's statement to CPD, she stated "due to the heat index and the amount of flies, PSD Castor had been kenneled inside of my residence. He will periodically be let out to either relieve himself…be fed, or to socialize." She admitted that the flies and heat were causing PSD Caster to be agitated so they brought him inside. This was known to T. Riddle. When Officer Riddle arrived home the day of the incident, PSD Castor was walking around in her home. Her husband, T. Riddle was at home at the time she arrived and during the incident.

21. T. Riddle was aware that Officer Riddle had been drinking and proceeded to fall asleep on the couch while PSD Castor was out of his kennel.

22. T. Riddle was aware that Enzo was at his home, playing with his daughter while PSD Castor was out of his kennel.

23. PSD Castor had at least one prior bite on July 27, 2021, less than two weeks prior to his attack on Enzo.

24. During the July 27, 2021, incident, Officer Riddle was giving PSD Castor a "break" to relieve himself in a public park while conducting training where PSD Castor was off leash. PSD Castor saw a woman walking her bike and ran aggressively to her and bit her. His attack was unprovoked and shows a lack of training and control that Officer Riddler has over PSD Castor. It also shows that PSD Castor has an inappropriate propensity to being aggressive.

25. A properly selected and trained police K9 should only bite a human being when commanded to do so by the handler or when the handler is being attacked by a suspect.

26. A police K9 must be highly obedient to the handler or he is useless to the department and even dangerous to other officers and the public.

27. This incident, as well as the training records, was a clear warning to Officer Riddler, PSD Castor's handler, and the supervision of the Clovis Police Department, including but not limited to the Chief, Captain Romero, and Sargent Antonio Orozco that there was a problem with this team. There was no excusable reason why K9 Castor on his own attacked and bit the woman who was walking her bike on July 27, 2021.

28. PSD Castor was in the care and custody of his handler Officer Riddle during the incident. Officer Riddle is liable for the acts and omissions of PSD Castor as well as the City of Clovis.

29. PSD Castor was in the home owned by T. Riddle and Jordan Riddle and as aforementioned was a risk to any visitor in the homes, especially small children like Enzo. It was gross negligence to allow PSD to roam in the home unsupervised with Enzo.

## COUNT I – *MONELL* CLAIM

30. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

31. The City is charged with the responsibility for appointing, supervising, training, instructing, disciplining, and promoting Clovis Police Department officers, including the named Defendants herein as well as PSD Castor.

32. PSD Castor should have been taken out of service immediately following the incident on July 27, 2021. Due to the nature of that incident of biting a bystander unprovoked, PSD Castor should have been housed out of the home of the handler Officer Riddle until an extensive remediation process was conducted by qualified Police K9 professionals. If this would have been done PSD Castor would either not have been in the home where the incident in this case on August 8, 2021, took place or the handler Officer Riddle would have handled the home situation differently based on professional remedial training and instructions. This was a failure by the City of Clovis as well as Officer Riddle and her supervisors Sargent Orozco, Captain Romero, and Police Chief Ford.

33. Based on statements Officer Riddle made to CPD, her home was not properly equipped to safely house a Police K9. PSD Castor's kennel space was unkempt and infested with flies. In an environment where it is NOT unusual for there to be high temperatures there was no alternate housing location to safely secure PSD Castor. Officer Riddle did not use critical thinking to create a temporary solution considering a child that does not live in the home, was visiting and

playing. This was a failure by the City of Clovis as well as Officer Riddle and her supervisors Sargent Orozco, Captain Romero, and Police Chief Ford.

34. Despite knowing that PSD Castor will bite and attack people unprovoked, Officer Riddle and T. Riddle allowed him to remain loose in the home while her child and the visiting child were playing in the home. To make matter worse she was intoxicated and fell asleep thereby removing her ability to control PSD Castor, leaving him without the presence of a leader. This was a failure of the handler Officer Riddle.

35. According to statements in the police reports, Officer Riddle was also intoxicated at the time of the incident. Just as it is unsafe to operate a vehicle or gun while intoxicated. It is imperative that an off-duty police officer not be intoxicated while having the responsibility of caring for a trained police dog when visitors are at the home. And when intoxicated it is even more important to have the dog secure in a kennel while people are visiting. This was a failure of the handler Officer Riddle.

36. By being asleep, this caused a delay in Officer Riddle getting to the location where PSD Castor was biting Enzo. Since a K9 only responds to the commands of the handler, no other person was able to get K9 Castor to stop biting Enzo. Due to Officer Riddle being asleep and unaware, there was a delay to first awaken, recognize the screams of her daughter, locate the room where PSD Castor was biting the victim, and then getting him to stop biting the victim. This delay caused there to be greater injury and trauma to the victim in this case. This was a failure of the handler Officer Riddle.

37. It must be known (and is common knowledge in the industry) that the dogs that are purchased abroad or even within the United States (especially in bulk) are common to be dogs with less than desirable traits. The reason this is, is because when a dog is impeccable, they are not sold

(so they can be used for breeding) or the price for those dogs are exorbitant and out of the budget of most police departments. So, it is not uncommon for vendors to sell dogs with flaws and one of those can be difficult to control aggression. Therefore, it is up to the purchaser to have an effective selection process to identify such issues before purchasing a dog. And, if a dog does not show the "difficult to control aggression" during the testing process but it shows up later, the department MUST take action to correct the problem or remove the dog from the K9 program and start over. Once again, these two incidents were not the first signs that PSD Castor showed that he had "difficult to control aggression". And it was also not the first time Officer Riddle showed that she could not control PSD Castor adequately when he showed such inappropriate aggression. This was a failure of the trainer Officer Riddle, and supervision of Clovis Police Department and the City of Clovis who purchased PSD Caster.

38. Prior to the attack and as evidenced by the facts herein, the City developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Clovis, New Mexico.

39. At all times material to this Complaint, the Clovis Police Department exercised unconstitutional policies and procedures and maintained an unconstitutional failure to train police officers as set forth herein. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (holding that the inadequacy of police training may serve as the basis for § 1983 liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact").

40. It was the policy and/or custom of the Clovis Police Department to inadequately investigate use of force by officers, including PSD Castor.

41. In addition, the Clovis Police Department failed to properly ensure that officers and PSD Castor such as the named Defendants herein were qualified, trained, supervised.

42. As a direct result of Defendant City's unlawful conduct set forth above, Enzo suffered physical and mental and emotional damages and injuries.

### COUNT II – AGAINST OFFICER RIDDLE
### FOURTH AMENDMENT VIOLATION-
### UNREASONABLE SEIZURE OF ENZO

43. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

44. Enzo had a Constitutional right to be free from an unreasonable seizure of his person.

45. Officer Riddle violated Enzo's Constitutional right to be free from unreasonable seizures when he was attacked by PSD Castor who was in the care and custody of Officer Riddle and Officer Riddle was his handler. Officer Riddle is liable for the acts and omissions of PSD Castor as is the City of Clovis.

46. As a result of Officer Riddle's conduct as set forth herein Enzo suffered damages as set forth herein. The acts and omissions of Officer Riddle were wrong and were a cause of Enzo's injuries and damages.

47. Officer Riddle's conduct was in utter disregard and indifference for Enzo's legal rights, warranting imposition of punitive damages.

48. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## COUNT III - AGAINST DEFENDANT RIDDLE: FOURTH AMENDMENT VIOLATION- EXCESSIVE AND UNNECESSARY USE OF FORCE

49. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

50. Enzo had a Constitutional right to be free of excessive and unnecessary force.

51. The unprovoked attack on Enzo by PSD Caster as described above constituted the use of excessive and unreasonable force in violation of the Enzo's rights guaranteed by the United States Constitution including, but not limited to, the Fourth and Fourteenth Amendments. When Officer Riddle allowed Enzo to be attacked by PSD Caster.

52. As a result of Officer Riddle's conduct as set forth above, Enzo suffered damages as set forth herein. The acts and omissions of Officer Riddle were wrongful and were a cause of Enzo's injuries and damages.

53. Officer Riddle's conduct was in utter disregard and indifference for Enzo's legal rights, warranting imposition of punitive damages.

54. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## COUNT IV – STATE TORT CLAIMS AGAINST OFFICER JORDAN RIDDLE FOR ASSAULT AND BATTERY

55. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

56. Plaintiff properly notified Defendants and related agencies of her intent to sue as required by the New Mexico Tort Claims Act, preserving the New Mexico state law claims.

57. The actions of Defendant were not justified or privileged under state law.

58. Officer Riddle was acting within the scope of her duty as police officers at the time of the incident in that she was in custody and control of PSD Caster and responsible for his acts and omissions as if they were her own.

59. The above-described actions by PST Caster against Enzo constituted a battery upon him within the meaning of Section 41-4-12 of the New Mexico Tort Claims Act.

60. Defendant's excessive and unnecessary use of force against Enzo also constitutes assault and battery.

61. Defendant's conduct was in utter disregard and deliberate indifference for Enzo's legal rights, warranting imposition of punitive damages.

62. As a result of Defendant's conduct as set forth above, Enzo suffered damages as set forth herein.

### COUNT V – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION – AGAINST CITY OF CLOVIS, SGT. ANTONIO OROZCO, CAPTAIN ROMAN ROMERO, AND CHIEF OF POLICE DOUG FORD

63. Plaintiff hereby incorporates by reference the allegations of the previous paragraphs as though fully set forth herein.

64. Defendants were negligent in the hiring, training, supervision and retention of Officer Riddle and PSD Caster.

65. Defendants' negligence includes all things stated herein but not limited to:

   a. Inadequate screening, including inadequate mental health screening, of Officer Riddle and PSD Caster as perspective employees and failure to perform adequate "fit for duty" evaluations;

   b. By recommending Officer Riddle and PSD Caster for certification, thereby violating NMSA § 29-7-6A(6)-(7), requiring evidence that the law enforcement

   candidate, "after examination by a certified psychologist, is free of any emotional or mental condition that might adversely affect his performance as a police officer…" and requiring that the candidate "is of good moral character." Defendant City of Albuquerque failed to recommend "…only mentally stable police officers." *Narney v. Daniels*, 1992-NMCA-133, 115 N.M. 41.

  c. Inadequate management, training, and enforcement of policies regarding citizen encounters, proper police work, and knowledge of the law related to the use of and care of PSD Caster.

  d. Failure to remove PST Caster and Officer Riddle after the attack of the woman in the park as set forth herein so that both could undergo additional training and if with additional training the issues could not be remedied by removing PSD Caster as a PSD;

  e. Placement and retention of Officer Riddle and PSD Caster in direct community service and law enforcement positions; and

  f. Inadequate supervision of Officer Riddle and PSD Caster.

  66. As a result of Defendants' negligence in hiring, training, supervision and retention of Officer Riddle and PSD Caster, and as a result of Defendants' conduct as set forth above, Enzo suffered damages and injuries as set forth herein.

### COUNT VI: NEGLIGENCE – AGAINST ALL DEFENDANTS

  67. All previous paragraphs are incorporated herein by reference.

  68. At the time of the injuries to Enzo, Officer Riddle and PSD Caster were the authorized employees, agents, or servants of the City of Clovis and were acting in the course of

their employment or otherwise, for the City of Clovis. Accordingly, the City of Clovis is liable to for the negligent acts of Jordan Riddle and PSD Caster.

69. In addition, the City of Clovis, Sgt. Antonio Orozco, Captain Roman Romero, and Chief of Police Doug Ford breached their duty of care owed to the Plaintiff by employing Officer Riddle and PSD Caster as its employees, agents, or servants and entrusting Officer Riddle with the responsibility of handling a police dog and allowing a police dog, PSD Caster, to remain at the home of Officer Riddle who exercised deliberate and reckless disregard for the safety of others as evidenced by the facts as set forth herein. Officer Riddle and PSD Caster were not qualified to perform duties as they related to them.

70. The City of Clovis, Sgt. Antonio Orozco, Captain Roman Romero, and Chief of Police Doug Ford further breached their duty of care owed to Plaintiff, including but not limited to: failing to train and/or supervise or properly train and/or supervise Officer Riddle and PSD Caster.

71. T. Riddle and Jordan Riddle owed Enzo a duty of care as a visitor into their home.

72. As set forth herein, T. Riddle and Jordan Riddle breached their duty of care to Enzo.

73. As a result of Defendants' breach, Enzo was attacked by PSD Caster.

74. As a direct result of the wrongful conduct of the Defendants as set out above, Enzo suffered damages as set forth above.

## COUNT VII:   PUNITIVE DAMAGES

75. All previous paragraphs are incorporated herein by reference.

76. As a direct result of the wrongful conduct of the Defendants as set out above, Enzo suffered damages as set forth above.

77. As set forth above, Defendants have behaved recklessly and with gross negligence.

78. Among other things, the Defendants exercised reckless behavior after they knew that PSD had attacked a woman in a public park only a few weeks prior and that Riddle had provided inadequate supervision, control, training, and exercised deliberate disregard of these known facts.

79. It was foreseeable that PSD Caster would attack Enzo give the facts as set forth herein.

80. The scope and severity of Defendants' failures and actions and their deliberate indifference, including failure to train/supervise and intentional disregard for the welfare and safety of Enzo constitute gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct.

81. Such conduct was undertaken by Defendants without regard to the health and safety consequences to citizens such as Enzo. Moreover, such conduct evidences little regard for their duties of care, good faith, and fidelity owed to Enzo as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Enzo's rights and welfare.

82. Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for the following relief:

a) For compensatory damages;

b) For hedonic damages;

c) For punitive damages in an amount sufficient to deter the type of conduct complained of herein.

d) For attorneys' fees and costs; and,

e) For pre-and post-judgment interest.

Respectfully Submitted by:

**LAW OFFICE OF FRANCES CROCKETT**

*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Office: 505.314.8884; Fax: 505.835-5658
frances@francescrockettlaw.com
*Attorney for Plaintiff*